**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| PILTS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 26-1061<br><br>Filed: September 25, 2026 |
| SAGE NAPLES, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 26-1070<br><br>Filed: September 25, 2026 |

**MEMORANDUM OPINION AND ORDER**

The Government moved to consolidate the above-captioned rails-to-trails takings cases. Plaintiffs in both cases oppose consolidation. For the following reasons, the Court **DENIES** the Government's Motions to Consolidate.

## I. FACTUAL BACKGROUND

On August 10, 2026, the Government notified the Court that *PILTS, LLC v. United States*, No. 26-1061, a case pending before the undersigned, is indirectly related to *Sage Naples, LLC v. United States*, No. 26-1070, a case then-assigned to Judge Bruggink. *See* Notice of Indirectly Related Case, *PILTS* ECF No. 6. On September 9, 2026, Judge Bruggink transferred *Sage Naples*

to this Court. Order, *Sage Naples* ECF No. 8. Both cases arise from the same alleged government taking—a July 24, 2026 Notice of Interim Trail Use or Abandonment ("NITU") issued by the Surface Transportation Board that relates to a former railway running through an 11.4-mile stretch in Lee and Collier counties, Florida. *PILTS* ECF No. 6 at 1. All plaintiffs in both cases allegedly own land adjacent to this old rail line in Lee County. *See id.*; Pls.' Am. Compl. ¶¶ 15–17, *PILTS* ECF No. 8; Pls.' Compl. ¶¶ 6–21, *Sage Naples* ECF No. 1. Both cases are at the pleadings stage. The three plaintiffs in *PILTS* and 16 plaintiffs in *Sage Naples* are represented by different counsel from different law firms.

On September 4, 2026, the Government filed Motions to Consolidate the two cases. *PILTS* ECF No. 7; *Sage Naples* ECF No. 7. The Government argues that consolidation will save judicial resources by allowing the parties to avoid duplicative discovery and court filings as well as potentially inconsistent decisions on liability and compensation. *See, e.g.*, *PILTS* ECF No. 7 at 4–5. On September 10 and 18, 2026, Plaintiffs respectively filed their Oppositions to the Government's Motions to Consolidate. *PILTS* ECF No. 9; *Sage Naples* ECF No. 10. Plaintiffs' central argument is that consolidation would lead to logistical complications due to the fact-intensive, property-specific nature of the claims, *Sage Naples* ECF No. 10 at 2, and because Plaintiffs may wish to maintain "separate [litigation] strategies," *PILTS* ECF No. 9 at 3. The Government filed its Replies in Support of Its Motions to Consolidate on September 17 and 23, 2026. *PILTS* ECF No. 10; *Sage Naples*, ECF No. 11.

## II. LEGAL STANDARD

Rule 42(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides that when actions "before the court involve a common question of law or fact," the court may consolidate the actions or issue other orders "to avoid unnecessary cost or delay." Two inquiries are relevant to resolving a request for consolidation: (1) whether a "common question of law or

fact" exists in both cases; and (2) whether "the interest of judicial economy" outweighs "the potential for delay, confusion[,] and prejudice that may result from consolidation." *Lucent Techs. Inc. v. United States*, 69 Fed. Cl. 512, 513 (2006) (quoting *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 31 (2004)). The decision to consolidate cases "is within the Court's 'broad discretion.'" *Id.* (quoting *Cienega*, 62 Fed. Cl. at 32). The Court also has discretion regarding the degree of consolidation that is appropriate. *See* RCFC 42(a). Specifically, the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.*

## III. DISCUSSION

Consolidation is unwarranted here. In rail-to-trails cases, consolidation typically requires more than a common NITU. *See, e.g.*, *Hyatt v. United States*, 174 Fed. Cl. 643, 648 (2025) (explaining that "formal consolidation" was declined—despite that the cases involved the same counsel, were before the same judge, and were similarly situated procedurally—because the cases "involve separate [p]laintiffs, separate properties, [and] separate appraisal issues"). Indeed, in all the cases the Government cites, an additional factor weighed in favor of consolidation, such as duplicative plaintiffs, agreement among all parties, class action claims, or some combination of these factors. *See, e.g.*, *James v. United States*, 130 Fed. Cl. 707, 711 (2017) (stating that consolidation was necessary because "the separate complaints . . . listed three of the same plaintiffs" and the parties "agreed to consolidate"); *Balagna v. United States*, 135 Fed. Cl. 16, 20–21 (2017) (consolidating two rails-to-trails cases concerning the same alleged taking because one was "a class action on behalf of . . . all similarly situated land owners"). None of these additional circumstances are present here.

Although the Government is correct that rails-to-trails cases involving the same NITU present a common question of law—*i.e.*, did the NITU effect a taking?, this argument takes a

50,000-foot view of the case. In reality, the underlying questions of liability and valuation necessary to resolve that overarching question are fact intensive and property specific. As such, the benefits of consolidation are not as apparent as the Government suggests. Additionally, Plaintiffs in each case are represented by different counsel who many choose to pursue different litigation strategies. The involvement of two different law firms increases "the potential for delay, confusion[,] and prejudice that may result from consolidation." *Lowry Econ. Redevelopment Auth. v. United States*, 71 Fed. Cl. 549, 553 (2006) (citation omitted); *see Manhattan Constr. Co. v. United States*, 66 Fed. Cl. 299, 300 (2005) ("Plaintiff is represented by different counsel and law firms in each action, which could lead to unnecessary expense in discovery and trial, as well as potential logistical difficulties."). On balance, these circumstances weigh against consolidation.

Moreover, these cases can be litigated in a manner that promotes judicial efficiency without formal consolidation. Plaintiffs in both cases have expressed a willingness to coordinate discovery. *See PILTS* ECF No. 9 at 4; *Sage Naples* ECF No. 10 at 4. And the "danger of inconsistent results" has been largely addressed through the transfer of *Sage Naples* to this Court, as both cases will now be handled by the same judge. *PILTS* ECF No. 10 at 4; *see Sage Naples* ECF No. 10 at 4.[1] To the extent additional judicial efficiency could be gained from consolidation, it is negligible.

---

[1] Indeed, the Government implicitly concedes this point in its Motions to Consolidate, which were filed before the transfer. *See, e.g.*, *PILTS* ECF No. 7 at 5 ("[P]roceeding under one judge will eliminate the risk of conflicting opinions.").

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's Motions to Consolidate (*PILTS* ECF No. 7; *Sage Naples* ECF No. 7).

**SO ORDERED**.

Dated: September 25, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge